UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MAHMUD ABDUL SATTAR KASIM,

      Plaintiff-Appellant,

    v.                                       Civil No. 08-628-HA

EQUIFAX INFORMATION SERVICES, LLC, a      OPINION AND ORDER
foreign limited liability company, TRANS
UNION LLC, a foreign limited liability company,

and

BANK OF AMERICA, a foreign entity,

      Defendant-Appellees.
_____

HAGGERTY, Judge:

      The matter before the court is a second appeal from the final decision of the United States

Bankruptcy Court for the District of Oregon (Bankruptcy Court) entered on September 25, 2007.

The parties elect to have the appeal heard by this court rather than the Bankruptcy Appeal Panel,

which they are permitted to do.  *See* 28 U.S.C. § 157.  In such instances, this court may exercise

jurisdiction under 28 U.S.C. § 158(a)(1) and the court acts as an appeals court from decisions of

the bankruptcy court.   The court concludes that oral argument is unnecessary, and for the

reasons below affirms the ruling by the Bankruptcy Court.

1  -- OPINION AND ORDER

## BACKGROUND

Appellant Mahmud Kasim (appellant or Kasim) filed for bankruptcy in early 2004. Kasim received a "Chapter 11" discharge of his debts pursuant to 11 U.S.C. § 727. Following a dispute about plaintiff's credit report, Kasim filed this action on June 19, 2007, in the Bankruptcy Court. Appellant claimed that appellee Bank of America (appellee) willfully failed to comply with its requirements under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (FCRA). Kasim Excerpt of Record (ER), at p. 6.

The Bankruptcy Court concluded that it lacked jurisdiction to resolve appellant's FCRA claims against the appellee and similar claims against two consumer reporting agencies. Appellant advances two appeals challenging these rulings. For purposes of this appeal, appellant asserts that the Bankruptcy Court erred in granting the appellee Bank of America's motion to dismiss "any and all claims" from appellant against the appellee related to the FCRA. ER at p. 62. The motion was denied without prejudice as to appellant's claim "for civil contempt on the violation of the discharge order." *Id*.

## STANDARDS

The district court reviews the findings of fact of the bankruptcy court under a clearly erroneous standard, and conclusions of law, such as summary judgment decisions, are reviewed *de novo*. *Daniels-Head & Assocs. v. William M. Mercer, Inc. (In re Daniels-Head & Assocs.)*, 819 F.2d 914, 918 (9th Cir. 1987).

Whether the bankruptcy court had subject matter jurisdiction over appellant's claims is reviewed *de novo*. *See In re Valdez Fisheries Development Ass'n, Inc.*, 439 F.3d 545, 547 (9th Cir. 2006).

**QUESTION PRESENTED**

At issue is whether the Bankruptcy Court erred by ruling that it did not have subject matter jurisdiction over appellant's claims arising under the FCRA against appellee Bank of America.

**ANALYSIS**

Appellant contends that the Bankruptcy Court has jurisdiction over the FCRA claim against Bank of America pursuant to 28 U.S.C. § 1331. Appellant's Brief at 5-6. This statute provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Appellant argues that "because the Bankruptcy Court's jurisdiction is coextensive with the District Court's jurisdiction, it is erroneous to rule that the Bankruptcy Court did not have jurisdiction over the FCRA claims." *Id*. at 7.

The jurisdiction enjoyed by Bankruptcy Courts is more limited than district courts. *See In re Valdez Fisheries Development Ass'n, Inc.*, 439 F.3d at 549. Bankruptcy judges exercise the authority conferred under 28 U.S.C. § 157 and 28 U.S.C. § 1334. *In re Resorts Intern., Inc.*, 372 F.3d 154, 161 (3rd Cir. 2004).

Specifically, a Bankruptcy Court may hear and decide "any or all cases under title 11 and any or all proceedings arising under title 11 *or arising in or related to* a case under title 11" pursuant to 28 U.S.C. § 157(a). 28 U.S.C. § 1334(b) (emphasis provided).

Proceedings "arising in" bankruptcy cases are referred to as "core proceedings." Core proceedings are those that would not exist outside of the bankruptcy, such as "matters concerning the administration of the estate," "orders to turn over property of the estate," and

"proceedings to determine, avoid, or recover preferences." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1193 (9th Cir. 2005) (quoting 28 U.S.C. § 157(b)(2)).

Bankruptcy courts also assert jurisdiction over "a much broader set of cases: those proceedings that are 'related to' a bankruptcy case." *In re Pegasus Gold*, 394 F.3d at 1193. These "non-core proceedings" are those in which the proceeding may not be against the debtor or the debtor's property, but the outcome could nevertheless "alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* (quoting *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988)).

Appellant acknowledged that his "claims for violating the FCRA are non-core proceedings." ER at p. 3. Instead, appellant relies upon the "close nexus" test described in *In re Pegasus Gold*, which appellant interprets as extending jurisdiction to resolving cases in which there is a "close nexus" between the bankruptcy plan or proceeding and the matter in litigation. Appellant's Brief at 8-10. The *In re Pegasus Gold* court described the "close nexus" test as asking whether a matter "affect[s] the interpretation, implementation, consummation, execution, or administration of a confirmed plan" or an incorporated litigation trust agreement. 394 F.3d at 1194. The court applied this test to determine "post-confirmation bankruptcy court jurisdiction" as opposed to pre-confirmation jurisdiction. *Id.*

Appellant contends that the "close nexus" test should be interpreted as providing jurisdiction because "there is a close nexus between Mr. Kasim's discharge and his claims that Equifax and Trans Union [sic] are misreporting his discharged debts." Appellant's Brief at 9.

Appellant goes on to assert that a close nexus exists between his bankruptcy and his credit reporting claims because of issues giving rise to questions such as "Did Mr. Kasim discharge the debt to Bank of America?  Was Bank of America enjoined from collecting from plaintiff?  What is the effect of the discharge?  Did the Bank of America's post-discharge review of Mr. Kasim's credit report violate the discharge order?"  Appellant's Brief at 9.

However, these issues do not rely on an "interpretation, implementation, consummation, execution, or administration" of a bankruptcy plan.  There is no settlement or trust agreement requiring interpretation by the bankruptcy court, and no impact upon the estate itself.

The applicable "close nexus" analysis examines the progress of the bankruptcy proceeding itself and not the parties involved in the litigation.  That test is not met under these circumstances.  The Bankruptcy Court concluded properly that it lacked subject matter jurisdiction and was compelled to dismiss the FCRA claims.  ER at pp. 61-62.

**CONCLUSION**

The Bankruptcy Court properly dismissed appellant's FCRA claims against the appellee Bank of America for lack of subject matter jurisdiction.  These claims lack a sufficient relationship to or close nexus to the bankruptcy estate for purposes of conferring jurisdiction. The ruling of the Bankruptcy Court is AFFIRMED.

IT IS SO ORDERED.

DATED this  28   day of October, 2008.


        /s/ ANCER L. HAGGERTY
        ANCER L. HAGGERTY
        United States District Judge


5  -- OPINION AND ORDER